NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JANE DOE,**
*Plaintiff-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

_____

2025-1769

_____

Appeal from the United States Court of Federal Claims in No. 1:13-vv-00471-PSH, Judge Philip S. Hadji.

_____

Decided:  December 9, 2025

_____

JANE DOE, Shreveport, LA, pro se.

BENJAMIN PATRICK WARDER, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ALEXIS B. BABCOCK, C. SALVATORE D'ALESSIO, HEATHER LYNN PEARLMAN, BRETT SHUMATE.

_____

Before PROST, CLEVENGER, and TARANTO, *Circuit Judges*.

PER CURIAM.

Jane Doe[1] filed a petition with the U.S. Court of Federal Claims under the National Vaccine Injury Compensation Program, which was established by the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"). Ms. Doe sought review of a special master's decision awarding her monetary damages. The Court of Federal Claims dismissed Ms. Doe's motion for review as untimely filed and subsequently denied her motion for reconsideration. For the reasons below, we affirm.

## BACKGROUND

Ms. Doe filed a petition for compensation alleging that her 2011 hepatitis A/B vaccination caused her to develop multiple sclerosis ("MS") or, in the alternative, significantly aggravated her preexisting MS. On November 7, 2024, the special master found that Ms. Doe was entitled to compensation for her injuries and awarded her monetary damages. The Court of Federal Claims, having received no motion for review within thirty days after the filing of the special master's decision, entered judgment on December 23, 2024. *See* 42 U.S.C. § 300aa-12(e)(1), (3) ("In the absence of a motion [for review of] the special master's decision . . . the clerk of the [Court of Federal Claims] shall immediately enter judgment in accordance with the special master's decision."); *see also* Vaccine Rule 11(a).

One week after judgment was entered, Ms. Doe filed a motion for review, which the Court of Federal Claims dismissed as untimely. I.A. 8, 11.[2] The court concluded that

---

[1]    In the underlying proceedings, the Court of Federal Claims granted Ms. Doe's motion to redact her full name and used the "Jane Doe" pseudonym in its decision. We will continue to use that pseudonym in this opinion.

[2]    "I.A." refers to the informal appendix included with Ms. Doe's informal opening brief.

Ms. Doe's motion was "time-barred and subject to dismissal." I.A. 11. The court also "discern[ed] no equitable considerations which would excuse [Ms. Doe's] delayed motion," and it thus determined that she "fail[ed] to meet her burden for equitable tolling." I.A. 10.

Ms. Doe sought reconsideration of the Court of Federal Claims' decision. I.A. 4. The court denied her motion for similar reasons as its prior decision. I.A. 4–7.

Ms. Doe timely appealed. *See* 42 U.S.C. § 300aa-12(f). We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

A petitioner is "entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up).

Ms. Doe challenges the Court of Federal Claims' dismissal of her case and argues that the court should have equitably tolled the thirty-day deadline. Even giving the challenged decision de novo review, we reject the challenge. For the reasons below, we affirm the court's (1) dismissal of her case as untimely; and (2) denial of her motion for reconsideration.

Under the Vaccine Act, the special master's decision may be reviewed by the Court of Federal Claims, but only if a party has filed a motion or notice requesting review of that decision. 42 U.S.C. § 300aa-12(e)(1). If a request for review is not made within thirty days, then the clerk of the Court of Federal Claims "shall immediately enter judgment in accordance with the special master's decision." *Id.* § 300aa-12(e)(3).

Here, there is no dispute that Ms. Doe filed her motion for review after the thirty-day deadline. Ms. Doe also failed to meet her burden for equitable tolling on the basis of her

alleged mental and physical impairments. Regarding her alleged mental impairments, she failed to show that her untimely motion "was the direct result of a mental illness or disability that rendered her incapable of rational thought, incapable of deliberate decision making, incapable of handling her own affairs, or unable to function in society." *K. G. v. Sec'y of HHS*, 951 F.3d 1374, 1381 (Fed. Cir. 2020). As to her alleged physical impairments, she has not shown that these impairments rise to an extraordinary circumstance that warrants equitable tolling. As the Court of Federal Claims determined, "it does not appear that [Ms. Doe's] MS prevented her from participating in proceedings before the [s]pecial [m]aster or from filing motions on a short deadline" given the record shows she is "capable of engaging in rational thought and deliberate decision making." I.A. 7. We see no reason to disturb the Court of Federal Claims' determination.

Thus, the Court of Federal Claims properly dismissed Ms. Doe's motion for review because it was not timely filed within the thirty-day deadline. We also see no reason on this record to disturb the court's denial of Ms. Doe's motion for reconsideration.

## CONCLUSION

We have considered Ms. Doe's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## AFFIRMED

### COSTS

No costs.